IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS RADFORD, AIS # 156846,    :

     Plaintiff,    :

vs.    :   CIVIL ACTION 15-00396-WS-B

WARDEN TERRY RABON,[1] *et al.*,    :

     Defendants.    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, commenced this action by filing a Complaint under 42 U.S.C. § 1983 and paying the $400 filing fee. (Docs. 1, 2). This action is now before the undersigned, after referral, for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful review of the Second Amended Complaint, it is recommended that Defendant A. Norman and Defendant J. Covan be dismissed with prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff's claims against them are frivolous. This action will proceed with respect to the other three Defendants.

---

[1] Because Plaintiff's Second Amended Complaint no longer identifies Jefferson Dunn as a Defendant, the style of the action has been changed.

## I.  Nature of Proceedings.

The initial, self-styled Complaint filed by Plaintiff was merely a lengthy list of numerous Defendants' names, the overwhelming majority of which typically act under color of state law.  (Doc. 1, at 1-2).  Plaintiff included no description of any claim in the three-page Complaint.  (Doc. 1).

Upon review of the Complaint, the Court ordered Plaintiff to file an amended complaint and to follow the Court's pleading directives requiring that a short and plain statement of his claims be alleged and that facts be provided for his claims against each Defendant.  (Doc. 3 at 3).  In response, Plaintiff filed an Amended Complaint in which he increased the number of Defendants from approximately 50 to 114 Defendants.  (Doc. 20 at 1-3).  In the 115-page Amended Complaint, Plaintiff continued to follow his self-styled complaint-format, and did not use the § 1983 complaint form that was sent to him, nor did he plead a short and plain complaint, as he was ordered to do.  (Doc. 20).

Upon review of the Amended Complaint, the Court ordered Plaintiff to file a yet another amended complaint that corrected the noted pleading deficiencies and complied with the pleading directives contained in the Order.  (Doc. 45 at 10).  The chief pleading defect pointed out to Plaintiff was his violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure, which

requires, briefly, that the complaint contain one claim and any claims closely related to it. (Id. at 2-3). Plaintiff was ordered to select one claim from his multitude of claims and to file a complaint on that claim and any closely related claims on the Court's § 1983 complaint form. (Id. at 3, 10). He was further ordered to file a separate action for each unrelated claim. (Id. at 3-4). Plaintiff was advised that the second amended complaint would supersede his prior complaints. (Id. at 4). Plaintiff subsequently filed his Second Amended Complaint on the Court's § 1983 complaint form. (Doc. 57).

In the Second Amended Complaint, Plaintiff names five Defendants, Warden Terry Rabon, Sergeant A. Norman, Nurse J. Covan, and Classification Officers M. Hoffman and Ms. January. (Id. at 5-7; see Id. at 1(D)("The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action.")). Plaintiff's general underlying claim against these Defendants is that he was given a medical work-profile not to lift anything due to his back condition, but he nonetheless was ordered to perform jobs that required heavy lifting. (Id. at 3-7). For his unidentified injuries, he requests $10,000 in compensatory damages and $15,000 in punitive damages. (Id. at 8).

3

**I.  Standards of Review Under 28 U.S.C. § 1915A**

The Court is screening Plaintiff's Second Amended Complaint (Doc. 57) under 28 U.S.C. § 1915A, which provides:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) & (b).  This section provides a screening process for an action filed by a prisoner and does not distinguish between a prisoner who pays the filing fee or one who proceeds *in forma pauperis*.  Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir.),[2] cert. denied, 552 U.S. 994 (2007); Martin v. Scott, 156 F.3d 578, 580 (5th Cir.), cert. denied, 527 U.S. 401 (1999).  Under § 1915A(a), "the district court immediately ha[s] jurisdiction to review the complaint to decide whether it was required to dismiss it[.]"  Cooper v. U.S. Dep't of

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th CIR. R. 36-2 (2005).

4

Treasury, DEA, 2006 WL 637817, at *2 n.2 (11th Cir. 2006) (unpublished) (rejecting the prisoner's argument that the district court lacked jurisdiction because he had not filed an application to proceed *in forma pauperis*, which the local rule allowed and then provided for the action's dismissal if the application was not filed within thirty days).

Under 28 U.S.C. § 1915A(b)(1), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Section 1915A(b)(1) also provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show

---

[3] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statutes, 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. See Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir.) (§ 1915(e)(2)(B)), cert. denied, 534 U.S. 1044 (2001); Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (§ 1915A); Gardner v. Riska, 444 F. App'x 353, at **2 (11th Cir. 2011) (unpublished) (§ 1915A).

plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause

of action's elements.   Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.   In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."   Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**II. Analysis.**

Based upon a review of Plaintiff's claims against Defendants, the Court concludes that the claims against Defendants Norman and Covan are due to be dismissed.   With respect the claims against these Defendants, Plaintiff alleges:

> 1.  [He] was threat[ened] if [he] did [not] go to work in the bathroom at J.O. Davis C.F. M. dorm[.] [Defendant Rabon] would write [him] up.  After telling [Defendant Rabon] and Classification M. Hoffman [he] had a profile not to lift anything.

> 2.  Plaintiff reported to work in M. Dorm J.O. Davis C.F. while working Plaintiff tr[ied] to pick a 75 or 80 pound bucket up and pour the water out[.] He hurt his back/spine cord.  [He] reported it to the shift supervisor Sgt. A. Norman[.]

> 3.  Nurse Covan was at the desk at the time and Sgt. Norman pull Plaintiff file and told Nurse Covan give her Plaintiff['s] result on his back.  Nurse Covan gave Sgt. Norman plaintiff profile to not l[i]ft anything and told Plaintiff you don't have to work any more after seeing Plaintiff profile (Sgt. Norman repl[ied.])

Doc. 57 at 3-4.

For Plaintiff's specific claims against Defendants Norman and Covan, he identifies Defendant Norman as a "witness" and

states that Defendant Norman "made Plaintiff stop working after seeing Plaintiff['s] profile stating not to l[i]ft any thing on 8-4-2014. (J.O. Davis C.F.)[.]"   (Id. at 5).   Plaintiff also identifies Defendant Covan as a "witness" and alleges that that "on or about Aug. 4, 2014[,] Nurse J. Covan was in the shift office when Sgt. A. Norman ask[ed] her to pull Plaintiff['s] file for a profile."   (Id. at 5-6).

As noted by Plaintiff, the Court finds that Sergeant Norman's and Nurse Covan's role is more like that of a "witness," not of a Defendant.   Moreover, Plaintiff's allegations do not reflect that either violated his constitutional rights.   In fact, they took actions to keep Plaintiff from suffering further injury to his back.

In order to state a claim under § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).   Thus, Plaintiff must establish that Defendants Norman and Covan deprived him of a federal right.

8

According to Plaintiff's allegations, his general claim is for being forced to perform work that entailed lifting when he had an injured back for which he had received a medical profile not to perform work that involves lifting. The Court construes Plaintiff's claim as one for being subjected to an unsafe work environment through officials' deliberate indifference to his health and safety. This type of claim is for a violation of the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").[4]

> Prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). Wantonness has been defined as "deliberate indifference to a substantial risk of serious harm to a prisoner." Id. To establish an Eighth Amendment

---

[4]   The McKinney Court addressed a prisoner's claim for exposure to environmental tobacco smoke and the future injury he may suffer. McKinney, 509 U.S. 25, 113 S.Ct. 2475. In applying the Eighth Amendment's proscription against "cruel and unusual punishments" to the case before it, the Supreme Court reviewed prior Eighth Amendment cases arising from a variety of situations which reflected that the standard for a violation of the Eighth Amendment remains the same, i.e., deliberate indifference to a risk that is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk," whether the complained of risk is medical care, inhuman conditions of confinement, a life-threatening condition, threats to personal safety, or unreasonable risk of serious damage to future health. Id. & Id. at 32, 36, 112 S.Ct. at 2480, 2482.

> violation, a prisoner must prove both an objective and a subjective component. Miller v. King, 384 F.3d 1248, 1261 (11th Cir.2004). "Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment." Id. Under the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Id.

Nichols v. Riley, 141 F. App'x 868, 869 (11th Cir. 2005). Both elements, as well as § 1983's causation requirement, must be met in order to prevail on an Eighth Amendment claim. LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir.), cert. denied, 510 U.S. 1164 (1994).

With respect to deliberate indifference, it "has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks and citation omitted). In the present action, no allegations show that Defendant Norman knew of Plaintiff's back condition prior to Plaintiff complaining to about him about it after having lifted a bucket containing 75 or 80 pounds of water. (Doc. 57, at 4-5). Upon learning of Plaintiff's back condition, the allegations show that Defendant Norman investigated Plaintiff's medical history and learned of Plaintiff's work profile prohibiting him from lifting. (Id. at 4). With this information, Defendant Norman told Plaintiff that he no longer had to work. (Id. at 4-5). These allegations do

10

not demonstrate the Defendant Norman was deliberately indifferent. See Smalls v. Berrios, No. 3:06cv96/LAC/MD, 2007 WL 1827465, at *7 (N.D. Fla. 2007) (in the workplace safety context, "prison officials are deliberately indifferent when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful") (quotation marks and citation omitted) (unpublished).[5]  Rather, the allegations show when Defendant Norman learned of Plaintiff's work profile, he acted reasonably by telling Plaintiff that he did not "have to work any more." (Id. at 4).

Turning to Defendant Covan, the extent of her involvement is she was in the shift office when Defendant Norman asked her to pull Plaintiff's file and work profile, which she did. (Id. at 4, 6).  By Defendant Covan providing this information to

---

[5]  In this 2007 opinion, the Court was "unable to locate, any published Eleventh Circuit cases applying the Eighth Amendment's deliberate indifference standard in the workplace safety context." Smalls, 2007 WL 1827465, at *7. It further noted that "[o]ther courts, however, have dealt with this specific issue and held that prison officials are deliberately indifferent when they 'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.' Ray v. Mabry, 556 F.2d 881, 882 (8th Cir. 1977); Morgan v. Morgensen, 465 F.3d at 1045 (same); Jackson v. Caine, 864 F.2d 1235, 1246 (5th Cir. 1989) (same); Franklin v. Kansas Dep't of Corrections, 160 Fed.Appx. at 736 (same); see also Brown v. Richmond County Correctional Inst., 2006 WL 1431488 (S.D.Ga. 2006) (same)." Id.

Defendant Norman, Plaintiff no longer was required to work. These allegations do not show that Defendant Covan was deliberately indifferent. Moreover, Defendant Covan is not referenced in any other allegations.

In sum, labeling Defendants Norman and Covan as witnesses is a more accurate description of their roles than them being identified as Defendants. That is, Plaintiff's allegations do not demonstrate that they acted deliberately indifferently. By not demonstrating that Defendants Norman and Covan acted deliberately indifferently, Plaintiff has failed to establish an element of an Eighth Amendment claim. In light of this finding, the Court will not discuss the other elements of an Eighth Amendment claim because all of the elements of an Eighth Amendment must be satisfied. LaMarca, 995 F.2d at 1535.

Furthermore, in considering that factual predicate for Plaintiff's claims against Defendants Norman and Covan, the Court finds that not only has Plaintiff failed to state a claim against them, the facts provided demonstrate that Plaintiff's claims against them are without legal merit and are, therefore, frivolous. Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831-32.

## III.  Conclusion.

Based upon the foregoing reasons, it is recommended that Defendant A. Norman and Defendant J. Covan be dismissed with

prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff's claims against them are frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

13

specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this **26th** day of **May, 2016**.

                                    /S/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**