IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS RADFORD,<br>    Plaintiff, | :<br>:<br>: |
| vs. | :     CIVIL ACTION 15-0396-WS-MU |
| TERRY RAYBON, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

## **REPORT AND RECOMMENDATION**

Plaintiff Thomas Radford, a prison inmate proceeding *pro se* and *in forma pauperis*, filed his seconded amended complaint under 42 U.S.C. § 1983.[1]  (*See* Doc. 57).  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the undersigned on Defendants' Motion for Summary Judgment.  After careful review of the pleadings, and for the reasons set out below, it is ordered that Defendants' Motion for Summary Judgment be **granted** and that Plaintiff Radford's action against Defendants Terry Raybon, Chandra January, and Michael Hoffman be **dismissed** with prejudice.

    **I.**        **Factual Background.**

---

[1]  Upon review of Plaintiff Radford's initial, self-styled complaint, Plaintiff was ordered to file an amended complaint in accordance with this Court's § 1983 form.  (*See* Doc. 3 at 3).  Plaintiff complied, but his amended complaint also failed to follow the directives of the Court, and Plaintiff was ordered to file another amended complaint.  (*See* Doc. 45 at 10).  This second amended complaint is now before the Court and is considered to be the operative complaint.  (*See* Doc. 57).

Plaintiff Radford is suing the Defendants[2] for acts of cruel and unusual punishment and deliberate indifference in violation of the Eighth Amendment. Radford claims that while incarcerated at Fountain Correctional Facility,[3] Defendants twice assigned him a job duty that required performing labor beyond the allowance of his medical profile. (Docs. 57; Doc. 90).

In his complaint, Plaintiff Radford maintains that on January 24, 2014, Warden Raybon assigned him to work in the laundry room. (Doc. 57 at 3). Radford claims he informed Warden Raybon (at that time the assignment was delegated) that he suffered from back problems which restricted his ability to perform the physical requirements of the laundry job and that he possessed a medical profile excusing him from lifting or bending, to which Warden Raybon responded, "profile[s] don't work around here." (*Id*.). Plaintiff Radford subsequently accepted the laundry room job assignment after Warden Raybon warned him that he would receive a disciplinary charge if he failed to comply with the work order. (*Id*. at 3-4). In February 2014, however, while working in the laundry room, Radford alleges in his complaint that he "hurt [his] spinal cord

---

[2]  Plaintiff Radford brings this action against five Defendants, Warden Terry Raybon, Sergeant A. Norman, Nurse J. Covan, and Classification Officers Michael Hoffman, and Chandra January. (Doc. 57). Upon screening of Radford's complaint pursuant to 28 U.S.C. § 1915A, it was ordered that Defendants Norman and Covan be dismissed from this action, prior to service of process, as the claims against them were determined to be frivolous. (Docs. 71, 72).

[3]  Plaintiff Radford is currently serving a 28-year sentence for a murder and kidnapping conviction out of Jefferson County, Alabama. (Doc. 57 at 6). He is presently incarcerated in the State of New York, but at all times relevant to this complaint, Plaintiff Radford was confined to Fountain Correctional Facility in Atmore, Alabama ("Fountain"). (*See* Doc. 90).

again," after picking up a bag of laundry that weighed approximately 200 pounds. (*Id*. at 4; Doc. 101 at 2).

Additionally, Plaintiff Radford alleges Warden Raybon assigned him a job duty beyond the scope of his medical profile, in August of 2014, by ordering him to work in the bathroom(s). (Doc. 57 at 3-4). Again, Radford claims he informed Warden Raybon about his back injury and work profile limitations. (*Id*.). Nevertheless, Warden Raybon insisted Radford report to the assigned job to avoid disciplinary action. (*Id*. at 4). While on the job, Plaintiff Radford alleges he attempted to lift a 75 pound bucket of water and reinjured his back and spinal cord. (*Id*.).

Plaintiff Radford also brings suit against Classification Officers Chandra January and Michael Hoffman, who he alleges were present at the Job Board hearing when Warden Raybon assigned him to the laundry room and bathroom work details in January and August 2014, respectively. (*Id*. at 7). Plaintiff Radford claims Classification Officers January and Hoffman were aware that Radford had a "no lift" medical profile at the time the jobs were assigned, yet they failed "to defend him" and allowed him to be assigned work duty in the laundry room and bathroom. (*Id.*). Plaintiff seeks relief from the Defendants in the amount of $10,000 compensatory and $15,000 punitive damages. (*Id*. at 8).

Defendants Raybon, Hoffman, and January have answered the suit, denied the allegations against them, asserted the defenses of sovereign and

qualified immunity,[4] and filed a Special Report in support of their position. (Docs. 76, 77, 86, 87). The Court converted Defendants' Answers and Special Reports into a Motion for Summary Judgment (Doc. 89), and Plaintiff Radford has responded in opposition to the motion. (Docs. 78, 101-104). After a thorough review of the record before the Court, this motion is now ripe for consideration.

---

[4] Sovereign immunity, provided by the Eleventh Amendment, prohibits suits against "the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," has long been held to apply "equally to suits against a state brought in federal court by citizens of that state." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998). "The state need not be formally named as a defendant for the amendment to apply; state officials sued in their official capacity are also protected by the amendment." *Id*. (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). It is well settled in this circuit that suits seeking monetary relief against state correctional officers in their official capacities are generally barred by the Eleventh Amendment. *See Taylor v. Adams*, 221 F.3d 1254, 1256 (11th Cir. 2000); *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997); *Dean v. Barber*, 951 F.2d 1210, 1215 n.5 (11th Cir.1992); *Free*, 887 F.2d at 1557. Therefore, the defendants are entitled to absolute immunity from Plaintiff's claims asserted against them in their official capacities.

Qualified immunity protects government actors from liability, when performing discretionary functions, to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The Supreme Court has established a two-prong test for evaluating a claim of qualified immunity: (1) whether a constitutional right has been violated based on the facts alleged; and (2) whether the right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). The Court may exercise its sound discretion in deciding which of the two prongs should be addressed first based on the circumstances of the case at hand. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (The Court held that *Saucier's* two-step analysis, while often appropriate, was not mandatory).

In this action, as discussed below, the Court finds Radford has failed to establish that the defendants violated his Eighth Amendment rights; therefore, "there is no necessity for further inquiries concerning qualified immunity." *Harrison v. Culliver*, 746 F.3d 1288, 1300, n.15 (11th Cir. 2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)); *Losey v. Thompson*, 596 F. App'x. 783, 789-790 (11th Cir. 2015) ("Because . . . [plaintiff's] Eighth Amendment claim of deliberate indifference fails, [defendant] has no need of qualified immunity, so we do not separately address it.").

II.     **Summary Judgment Standard.**

Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a)[5]; *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no genuine issue of material fact.'"(emphasis omitted)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence

---

[5]     Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts.  The standard for granting summary judgment[, however,] remains unchanged. . . . The amendments [have] not affect[ed] continuing development of the decisional law construing and applying these phrases."  Fed. R. Civ. P. 56 advisory committee's note on 2010 amendments.

5

in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-24.

> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

*ThyssenKrupp Steel USA, LLC v. United Forming, Inc*., 926 F. Supp. 2d 1286, 1289-90 (S.D. Ala. Jan. 29, 2013) (citations omitted).

The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. A genuine dispute requires more than "some metaphysical doubt as to material facts." *Garczynski*, 573 F.3d at 1165 (internal citations omitted). A "mere scintilla" of evidence is insufficient; the nonmoving party must produce substantial evidence in order to defeat a motion for summary judgment. *Id*. In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995). More importantly, where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686

6

(2007); see also *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. Aug. 29, 2011) ("In cases where opposing parties tell different versions of the same events one of which is blatantly contradicted by the record—such that no reasonable jury could believe it—a court should not adopt the contradicted allegations." (citations omitted) (unpublished)).[6]

**III.     Discussion.**

In order to state a claim under § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the U*nited States." Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams* 474 U.S. 327, 330-31 (1986). As Defendants were all Alabama Department of Corrections employees and performing official duties as correctional officers at the time of the alleged violations, Defendants were clearly acting under color of state law. Thus, Plaintiff Radford must establish that Defendants Raybon, Hoffman, and January deprived him of a federal right.

Plaintiff's allegation that he was forced to perform work that required lifting beyond his medical profile and caused a back injury is construed as a claim for deliberate indifference to Plaintiff's health and safety in violation of the Eight Amendment. *See Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994)

---

[6]     "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." 11th Cir. R. 36-2.

7

(prison working conditions are considered conditions of confinement subject to scrutiny under the Eighth Amendment).

> Prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). Wantonness has been defined as "deliberate indifference to a substantial risk of serious harm to a prisoner." Id. To establish an Eighth Amendment violation, a prisoner must prove both an objective and a subjective component. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir.2004). "Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Id*. Under the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" *Id*.

*Nichols v. Riley*, 141 F. App'x 868, 869 (11th Cir. 2005).  Both objective and subjective elements, as well as § 1983's causation requirement, must be met in order to prevail on an Eighth Amendment claim. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.), *cert. denied,* 510 U.S. 1164, 114 S. Ct. 1189, 127 L. Ed. 2d 539 (1994). Deliberate indifference "has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks and citation omitted).  To sustain a claim, a plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering.  *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995)(citing *Farmer*, 511 U.S. 836-837).  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence, including whether or not the "risk was obvious." *Farmer*, 511 U.S. at 842.  And, a plaintiff must establish some causal connection between the named defendant and the alleged injury sustained.  *Swint v. City of Wadley, Ala*., 51 F. 3d 988,

8

999 (11th Cir. 1995) (This connection may be personal participation, improper policy, or the lack of a policy).

In this current action before the Court, Plaintiff Radford has failed to establish that the act of assigning him work duty in the laundry room and bathroom violated the constitutional protections guaranteed by the Eighth Amendment.

First, Radford has failed to carry his burden of satisfying the objective prong of the test for deliberate indifference, as he fails to demonstrate that the jobs assigned posed an inherent "risk to his health [] so grave as to violate contemporary standards of decency." *Giddens v. Calhoun State Prison*, 277 F. App'x 847, 847-48 (11th Cir. 2007) (*per curiam*). While the Court fully accepts Plaintiff Radford's version of the facts for purposes of this motion,[7] the record lacks evidence that the assigned jobs of working in the laundry room and bathroom at Fountain Correctional Facility entailed forced requirements to lift,

---

[7] The Court is mindful of its obligation under Rule 56 to construe the record, including all evidence and factual inferences, in the light most favorable to the nonmoving party. *See Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016) ("It is not this Court's function to weigh the facts and decide the truth of the matter at summary judgment. ... Instead, where there are varying accounts of what happened, the proper standard requires us to adopt the account most favorable to the non-movants.") (citations and internal quotation marks omitted). Thus, Plaintiff's evidence is taken as true and all justifiable inferences are drawn in his favor. Also, federal courts cannot weigh credibility at the summary judgment stage. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) ("Even if a district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices."). Therefore, the Court will "make no credibility determinations or choose between conflicting testimony, but instead accept[s] Plaintiff's version of the facts drawing all justifiable inferences in Plaintiff's favor." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

bend, or carry heavy loads.  Contrarily, Defendant Raybon affirms, and Plaintiff does not dispute, that

> "[i]mates with profiles are not exempt from having jobs.  Profiles are honored and inmates are instructed to work within the limits of the profile."

(Doc. 77-1 at 2).   A reading of this undisputed statement, along with Plaintiff's admission that he was put on "light duty, folding clothes, etc." after he injured his back picking up the laundry bag in February 2014, establishes that there were multiple tasks to be accomplished in the laundry room and bathroom which did not involve heavy lifting or difficult physical labor.  (Doc. 101 at 2).  Accordingly, the record belies the claim that the act of assigning Plaintiff to work in the laundry room and bathroom posed an objectively serious risk of harm to Radford's health or safety, and supports the finding that Plaintiff Radford chose to pick up the heavy items knowing that he had a 'bad spine.'  (*Id.*). Consequently, there is no obvious risk shown to Plaintiff's safety by the sole act of assigning Plaintiff to work in the laundry room or bathroom.  *See Kelly v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (Factors relevant to determining how grave a risk is include, "the seriousness of the potential harm" and the likelihood that the prisoner will actually suffer an injury to his health as a result of performing the duties of the work assignment.) (*quoting Helling v. McKinney*, 509 U.S. 25, 36, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

  Second, Plaintiff fails to show that Defendants were subjectively aware of a risk to his health or safety when assigning him to work in the laundry room and bathroom.  "[P]rison officials are deliberately indifferent when they

10

'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (internal citations omitted).  Such "[a] constitutional violation occurs only when a plaintiff establishes the existence of 'a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not 'respond[] reasonably to the risk'....'" *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc)).  The evidentiary materials submitted by Defendant Raybon refute Plaintiff Radford's allegation of deliberate indifference and establish that Defendant Raybon acted in a reasonable manner when providing Radford his job assignments.  As previously mentioned, at the time Defendant Raybon assigned Radford to work in the laundry room and bathroom, he had no reason to believe that this job assignment, *per se*, subjected Radford to a risk of serious harm or substantial injury.  Additionally, the record lacks allegations that Defendants, or any officer, ever threatened or forced Plaintiff Radford to complete physical tasks while working in the laundry room or bathroom that were beyond the limits of his profile. *But cf., Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998) (holding that claim should survive qualified immunity, where inmate was required to assist in sandbagging duty, although the defendant knew that the prior day the same duty had caused the inmate to re-injure his back to the extent that he could not stand and had required medical attention including pain medication).  Consequently, the record is void of facts or even inferences

11

that can be drawn in favor of Plaintiff indicating that he was ordered to perform lifting or bending tasks beyond his ability or safety.

This Court therefore concludes that Plaintiff Radford has failed to show that Defendant Raybon acted with deliberate indifference by knowingly compelling him to perform work beyond his strength, dangerous to his life or health, or unduly painful. *Carter*, 352 F.3d at 1350. Thus, the motion for summary judgment with respect to this claim should be granted in favor of Defendant Raybon.

As to the related claims against Defendants January and Hoffman, the Court determines these defendants may not be held liable for "failing to defend Plaintiff [at the Job Board hearing] knowing Plaintiff had a no lifting profile" where no constitutional violation is found in the act of assigning the jobs.[8] Consequently, Defendants January and Hoffman are also entitled to summary judgment on the claims asserted against them.

### IV.    Conclusion.

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment be **granted,** that Plaintiff Radford's action against Defendants Terry Raybon, Chandra January, and Michael Hoffman be **dismissed** with prejudice.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[8]    Defendants affirm that as classification officers they have no authority regarding inmate job assignments. (Doc. 77-2 at 1; Doc. 87-1 at 1).

12

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(b); S.D. A<small>LA</small>. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 1st day of February 2018.

s/ P. Bradley Murray  
UNITED STATES MAGISTRATE JUDGE
